Watson was the clerk of the county court of Johnston, and he and his sureties are sued on his official bond, given on 28 August, 1838. The condition in the bond alleged to be broken is as follows: "And that he (the said William W. Watson) would in all things do and execute the several duties of said office (of clerk) as required by law." The breach assigned upon this condition in the bond was that Watson had not, ex officio, issued a notice agreeably to an act of Assembly, to one Allen, the then guardian of the relators, for him, the said Allen, to come into court and renew his guardian bonds; he, the said Allen, having been appointed by the county court of Johnston guardian to the relators in 1833, and still continuing their guardian. He had not renewed his guardian bond, as the law directs, for three years next before 20 February, 1839, whereby the plaintiffs complain that they have been damaged, etc. The judge nonsuited the plaintiffs, and they appealed.
(295) We think that the nonsuit was improper. The clerk was bound by law to take notice that the guardian, Allen, had not renewed his guardian bond in the time prescribed by law; and it was then one of the duties of his office (ex officio) to have issued a scire facias to him, Allen, to come into court and renew his bond according to the requirements of the act of Assembly. He did not issue the notice, and it seems to us that the aforesaid condition in his official bond was broken, and that the plaintiffs were entitled to recover nominal damages at least. But before the damages could be further increased by the jury it would have behooved the plaintiffs to show to their satisfaction that if the notice had been issued returnable to November Term, 1838, or to February Term, 1839, the guardian was then able and would have given the additional sureties required by law; or that the court would then have removed him, on his failure to give such additional surety, and would have appointed another guardian, who would have recovered the whole *Page 209 
demand of Allen and his sureties before their failure; or would have recovered something out of the wreck of the estates of Allen and his sureties. The verdict of the jury must, of course, be regulated by such proofs as the plaintiffs can make upon the questions aforementioned. And if the jury should be of opinion that Allen would not, or could not, have given additional surety for his guardianship, or that nothing could have been realized by a new guardian out of the estates of him and his sureties if notice had been duly given him by the clerk, returnable either to November Term, 1838, or February Term, 1839, then nominal damages only should be their verdict. The whole debt due the plaintiffs from Allen, or a part of the same, or a nominal sum, must be the measure of the damages to be assessed by the jury, according as the proofs of the plaintiffs' loss may appear to have arisen from the negligence of the clerk or not.
PER CURIAM. Venire de novo. (296)
Cited: Jones v. Biggs, 46 N.C. 365; Sullivan v. Lowe, 64 N.C. 501.